## Brown *v.* Dobson.

*Affidavit of defense—Agreement to purchase interest in mortgage—Fraud.*

Where an agreement to purchase the interest of several parties in a mortgage expressly stipulates that the amounts set forth in the mortgage shall be taken as the basis of payment, " without regard to any question as to what is the claim of the said parties," an affidavit of defense in an action on the agreement is insufficient which avers that it was falsely stated to the defendant at the time of the execution of the agreement that the amount stated in the mortgage was the amount actually due the plaintiffs, when as a matter of fact the amount due was less by several thousand dollars.

Where defendant in a written agreement agreed to purchase plaintiff's interest in a mortgage and to pay fifty per cent in cash on or before a certain date, and twenty-five per cent within one year thereafter, or from the date of actual payment of fifty per cent, or at the option of the defendant in stock, at its par value, of a corporation to be formed by defendant, and no tender of the twenty-five per cent is made until more than a year after the payment of the fifty per cent, the defendant cannot exercise his option to substitute stock for cash.

Argued Jan. 30, 1901. Appeal, No. 326, Jan. T., 1900, by defendants, from order of C. P. No. 2, Phila. Co., Sept. T., 1900, No. 146, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of John Crosby et al., trading as Brown Brothers & Company, v. James Dobson. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit on a written contract to purchase an interest in a mortgage.

From the record it appeared that on May 7, 1898, defendant, James Dobson, entered into a written contract by which plaintiffs, Brown Brothers & Company, and other parties mentioned

in a bond and mortgage executed on April 17, 1895, by Seville Schofield, agreed to sell their interest in said mortgage to James Dobson.

The mortgage was by Seville Schofield to James Dobson, trustee, to secure certain specific indebtedness of Seville Schofield & Sons to the aforesaid parties. This indebtedness was stated in the mortgage to be $26,689 to Brown Brothers & Company, $10,000 to Coates Brothers, $10,000 to the Merchants' National Bank, $6,871.16 to John J. McCloskey, $2,929.57 to S. S. Keely & Sons. The terms of the sale were seventy-five per cent of the sums mentioned in said mortgage as the respective amounts of the indebtedness of Seville Schofield to them without regard to any question as to what was the real claim of the said parties against Seville Schofield & Sons.

Of this seventy-five per cent, fifty per cent was to be paid in cash on or before April 1, 1899, and twenty-five per cent within one year from that date, or from the actual payment of the fifty per cent, if that payment were made earlier, and was to be paid either in cash or, at the option of James Dobson, in stock, at its par value of " a corporation of the state of Pennsylvania to be formed by the said James Dobson, with a capital of not over $500,000, and with net assets in tangible real or personal property of an actual value of $500,000 or more."

Plaintiff's statement of claim admitted payment of the fifty per cent with the exception of a small balance of $21.30, with interest, but alleged that the remaining twenty-five per cent had not been paid either in cash or in the stock of any company constituted as provided in the agreement.

Defendant filed an affidavit of defense in which he averred that the amount due to plaintiffs by Seville Schofield & Sons instead of being $26,689, as stated in the mortgage, was in fact only $22,864.45, and that at the time of the execution of the agreement false representations were made to him by plaintiff's agent as to the amount which was actually due. The affidavit of defense further averred that on March 31, 1899, defendant called upon plaintiff's agent and informed him he had the stock, and was prepared to deliver the same to plaintiffs, whereupon the said agent refused to accept the same. There was no averment that the stock was that of a Pennsylvania corporation.

In a supplemental affidavit of defense the charge of false rep-

resentation was repeated, and it was averred that defendant had relied upon such representation when he signed the agreement.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Thomas Earle White,* for appellant.

*John G. Johnson,* with him *Frank P. Prichard,* for appellees.

PER CURIAM, February 25, 1901:

The defendant's original and supplemental affidavits of defense were not deemed sufficient by the court below to prevent a judgment for the amount claimed by the plaintiff in the suit. It is noticeable that the agreement of December 7, 1898, between James Dobson of the first part and Brown Brothers & Company et al. of the second part was preceded by the bond and mortgage executed and delivered by Seville Schofield on April 17, 1895, to James Dobson as trustee and the indebtedness of Seville Schofield & Sons to the party of the second part was recited therein. In the agreement aforesaid, the party of the first part was to purchase and the parties of the second part were to sell their respective claims upon the following terms, to wit: James Dobson was to pay to the parties of the second part in cash on or before April 1, 1899, fifty per cent of the sums mentioned in the mortgage, and within one year from the actual payment of the same he was to pay to them twenty-five per cent in cash, " or in stock at its par value of a corporation of the state of Pennsylvania," at his option. In the second paragraph of the agreement it was stated as to the fifty per cent that " it is understood that these amounts shall be taken as the basis upon which the fifty per cent is to be ascertained, without regard to any question as to what is the real claim of the said parties against Seville Schofield & Sons," and as to the twenty-five per cent it was stated that " James Dobson will pay to each of the said parties of the second part hereto an additional twenty-five per cent of the respective amounts mentioned in said mortgage as their claims against Seville Schofield & Sons." As the fifty per cent was paid March 28, 1899, and the twenty-five per cent was not paid or tendered within the time designated in the fourth paragraph of the

agreement, Dobson could not exercise the option without the consent of the parties of the second part. It was therefore eliminated from the agreement, and it was too late to substitute stock in place of cash.

We cannot find in either of the defendant's affidavits of defense anything which prevents a recovery by the plaintiffs in accordance with their statement of claim, or any error committed by the court in entering a judgment for want of a sufficient affidavit of defense.

Judgment affirmed.